IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**Phillip Bivins; the Estate of Larry Ruffin; the
Estate of Bobby Ray Dixon, Laturas Smith and
Carrie Strong**

**v.**                                                                    Civil Action No. 2:13CV8KS-MTP

**Forrest County; City of Hattiesburg; Hattiesburg Police Officer Raymond Howell;
Forrest County Sheriff, Gene Walters; Forrest County Sheriff's Deputies
Joe Hopstein, Herbert Hart, Terry Martin, Henry "Red" Brown, Forrest County
Regional Jail Complex Guards Wayne R. Taylor and Jim Erwin, the Estate of Arlon
Moulds, the Estate of Larry James, and the Estate of R.E. "Eddie" Clark, John and
Jane Does Officer and Supervisors**

## THE ESTATE OF LARRY JAMES' MEMORANDUM IN SUPPORT OF ITS RESPONSE TO THE *SCHULTEA* REPLY FILED BY ESTATE OF PHILLIP BIVENS, THE ESTATE OF LARRY RUFFIN, THE ESTATE OF BOBBY RAY DIXON, LATRUS SMITH AND CARRIE STRONG

Comes now, the Estate of Larry James, by and through its undersigned counsel of record, pursuant to this Court's Order of October 21, 2014, and submits this Its Memorandum of Authorities in Support of Its Response to the Plaintiffs' Federal Rule of Civil Procedure 7(a) *Schultea* Reply as follows:

This Defendant previously filed a Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure citing, *inter alia*, a basis of Qualified Immunity. The Estate of Larry James thereafter filed a Memorandum in Support of said Motion to Dismiss. (CM/ECF 147 and 148). This Defendant also filed a Reply in Support of his Motion to Dismiss. (CM/ECF 152). After reviewing all the parties' submissions, the Court entered an Order directing the Plaintiffs to file a *Shultea* reply. (CM/ECF 156).

In that Order, the Court directed that "Plaintiffs should tailor the reply to answer the arguments presented in each Defendant's motion to dismiss, including the defense of qualified immunity". (CM/ECF Doc. No. 156, Page 3).  The Court further instructed that "[m]ost importantly, Plaintiffs should tailor the reply to support their claims with enough precision and factual specificity to raise a genuine issue of fact as to each of Plaintiff's claims against each individual Defendant".  *Id.*  The Court crystallized the requisite level of specificity by stating that "Plaintiffs should provide specific facts about the conduct of each individual Defendant which support each cause of action asserted against them - **not factual allegations about Defendants' collective actions or conduct**."  (emphasis added) *Id.*  Despite the Court's admonitions, the Plaintiffs summarily failed to follow the Court's directive.  They failed to plead specific facts against each individual Defendant with the level of specificity required to establish each cause of action against each particular Defendant.  The Plaintiffs wholly failed to demonstrate the inapplicability of Qualified Immunity to these Defendants.

## QUALIFIED IMMUNTITY

Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.  *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012).  When a defendant, such as Larry James, invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002).

Because qualified immunity constitutes an immunity from suit rather than a mere defense to liability, the defense is intended to give government officials a right not merely to avoid standing trial, but also a right to avoid the burdens of such pretrial matters as discovery as "[i]nquiries of this kind can be peculiarly disruptive of effective government." *Id*. at p. 323.  That is, the purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997).

To survive a Motion to Dismiss, the Plaintiffs must allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  The Fifth Circuit has explained that in cases in which an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Id.*; see also *Foster v. City of Lake Jackson*, 28 F. 3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff).  Plaintiffs must provide allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

In both Its Motion to Dismiss and Memorandum of Authorities in Support of Motion to Dismiss, Larry James pointed out that the Plaintiffs' Complaint failed to meet

the heightened pleading standard as to the claims of Ruffin, Bivens, and Dixon. (CM/ECF 147, Pages 3-4; CM/ECF 148, Pages 3-6). In particular, while the Complaint alleged Larry James was involved in Larry Ruffin's claim by stating "why don't we just take him to the woods and kill him," it failed to provide specific factual allegations describing how Larry James directly participated in unconstitutional conduct as to Bivens and Dixon. Although the Plaintiffs have been given a "fourth bite at the apple," (the prior fruits of their labor comprising their Complaint (CM/ECF 1), their Amended Complaint (CM/ECF 25), their Second Amended Complaint (CM/ECF 61), and the *Schultea* Reply filed by Plaintiffs fail to satisfy the heightened pleading standard as to Bivens and Dixon's claims against Larry James and, therefore, the same must be dismissed with prejudice. In addition, the other Plaintiffs' claims, which will be discussed below, also fail to meet the heightened pleading standard and, accordingly, these claims must also be dismissed with prejudice.

To plead a Section 1983 claim against Larry James, Bivens and Dixon must allege facts demonstrating that (1) Larry James violated the Constitution or federal law; and (2) the he was acting under color of state law while doing so. *Atteberrry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005). Beyond this formidable standard, the Plaintiffs must negate Larry James' qualified immunity defense by specifically articulating and demonstrating in what way Larry James acted or failed to act in an objectively unreasonable manner in light of clearly established law. *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir.2007).

**A. Self-Incrimination**

Counts III and IV of Plaintiffs' Second Amended Complaint ("S.A. Compl.") contend that both Dixon and Bivens suffered deprivations of their rights to due process and against compelled self-incrimination. (CM/ECF. *61*, paragraphs 173-181 and 182-190). In particular, the S.A. Compl. alleges that the "[d]efendants…forced Mr. Dixon to incriminate himself falsely and against his will" by purportedly beating him and, otherwise, unconstitutionally interrogating him. *Id*. at paragraphs 174-175. This Court found Plaintiff's S.A. Compl. deficient and ordered the Plaintiffs to file their *Schultea* Reply. (CM/ECF 165).

As to the above-referenced claim, in their *Schultea* Reply, the Plaintiffs assert that

> [u]pon information and belief,…members of the Task Force and officers assisting it, specifically including but not limited to Defendants Moulds, Brown, Clark, Hopstein, Martin and Hart as well as Sheriff Walters, conducted the preliminary interrogations of Dixon.

*Id*. at page 13, paragraph 74. The Plaintiffs then assert that, "upon information and belief," these same individuals, allegedly "beat and threatened Mr. Dixon…" *Id*. at pages 13-14. Significantly, the Plaintiffs then admit that no written records, whether statements or police notes, are available to demonstrate whether any of the above listed individuals were actually involved in the interrogations of Dixon about which they complain. Further, Plaintiffs remind the Court that Dixon passed away and, therefore, cannot be interviewed regarding the same. *Id.* at page 14, paragraph 79.

The allegations of S.A. Compl. and *Schultea* Reply, make it clear that Plaintiffs simply do not know what role, if any, any of the individuals listed above played in the alleged unconstitutional conduct. In fact, the Plaintiffs cannot provide details or context as to when these alleged interrogations took place, what they consisted of, who administered the interrogations and who was present. In an effort to provide a framework to support their structurally unsound and unfounded claims, Plaintiffs' simply produce, out of whole cloth, detailed assertions, but carefully prefix them with "upon information and belief" in order to avoid the accusation of fabricating same.

However, without detail or context, these accusations based "upon information and belief" do not meet the required heightened pleading standard. The Plaintiffs certainly *speculate* that the listed individuals were present in these nebulous purported interrogations and that the listed individuals could have participated in some sort of unconstitutional conduct; however, it "is clear…that in the arena of qualified immunity…discovery is not the place to determine if one's speculations might actually be well-founded." *Floyd v. City of Kenner, Louisiana*, 351 Fed. Appx. 890, 897-898 (5th Cir. 2009). The Plaintiff's pleadings must have "sufficient precision and factual detail to reveal that more than guesswork is behind the allegation." *Id*.

Unfortunately for the Plaintiffs, nothing but guesswork is found in the *Schultea* Reply. The Plaintiffs seem to prevail upon this Court to simply give them a pass on the heightened pleading standard due to the circumstances of their incarceration, subsequent exoneration, and the death of numerous parties involved. There is no precedent for such an exception. The Plaintiffs have provided neither factual context

nor details for how the listed individuals purportedly violated Dixon's constitutional right to be free from self-incrimination as they have provided no details of the listed individuals actual conduct. This is insufficient. If the type of broad and vague allegations made by Plaintiffs' here are accepted as sufficient, then a Plaintiff can merely name an entire law enforcement department as violating certain rights "upon information and belief" and sort out the actual alleged defendants at a later date. Controlling precedent from both the United States Supreme Court and the Fifth Circuit simply does not allow Plaintiffs to hurl wild, unfounded, conclusory allegations as a key to unlock the doors of discovery in an attempt to determine, if in fact, their speculation is correct. *Iqbal*, 556 U.S. at p. 678-679; *Floyd*, 351 Fed. Appx. at p. 897-898.

The above arguments apply for all the listed individuals. However, these arguments are even stronger when applied to Larry James. The Plaintiffs do not even mention Larry James name in the *Schultea* reply. By their own pleadings, the Plaintiffs are admitting that Larry James had nothing to do with Mr. Dixon.

The same is true as to the allegations made by Bivens against Larry James. In their *Schultea* Reply, the Plaintiffs assert that:

[u]pon information and belief,…members of the Task Force and officers assisting it, specifically including but not limited to Defendants Moulds, Brown, Clark, Hopstein, Martin and Hart as well as Sheriff Walters, conducted the preliminary interrogations of Mr. Bivens. (CM/ECF 165 at page 16-17 paragraph 93).

The Plaintiffs then assert that, "upon information and belief," the listed individuals, allegedly "threatened Mr. Bivens and played on his mounting fear that he would die in jail…" *Id*. at page 17 paragraph 95. In the very next paragraph, Plaintiffs admit that no

written records, whether statements or police notes, are available to demonstrate whether any of the listed individuals were actually involved in the interrogations of Bivens about which they complain. Again the Plaintiffs remind the Court that Bivens passed away in 2014. *Id* at page 17, paragraph 96. Repeatedly, the Plaintiffs speculate that the listed individuals were present in these nebulous purported interrogations and that the listed individuals could have participated in some sort of unconstitutional conduct; however, as stated above it "is clear…that in the arena of qualified immunity…discovery is not the place to determine if one's speculations might actually be well-founded." *Floyd v. City of Kenner, Louisiana*, 351 Fed. Appx. 890, 897-898 (5th Cir. 2009). The Plaintiff's pleadings must have "sufficient precision and factual detail to reveal that more than guesswork is behind the allegation." *Id*. Such allegations simply do not exist here.

Once again, the above arguments apply to all the listed individuals. However, just as in Dixon's claim, Larry James is not even listed as one of the individuals who acted in some type of unconstitutional manner. Once again, the Plaintiffs pleadings admit that Larry James had nothing to do with Mr. Bivens. Because of these facts, Larry James request that this Honorable Court dismiss the claims against him.

  **B.**  **Due Process Shocks the Conscience**

Plaintiffs allege in Count V, VI, VII of the S.A. Compl. that the Defendants engaged in violations of due process that shocks the conscience in violation of the Fourteenth Amendment. (CM/ECF 61 paragraphs 191-205). In the S.A. Compl., the allegations are that collectively "the Defendants" beat and threatened Ruffin and Dixon, coerced them

into confessing, disregarded evidence of alibi, ignored evidence pointing to others and corroborating their innocence, fabricated evidence, coerced people to testify falsely, and engaged in additional conscience shocking misconduct that lead to their convictions and wrongful imprisonment.  (CM/ECF 61 paragraph 193 and 198).

As to Bivens, Plaintiffs allege the Defendants forcefully returned him to Mississippi, made threats with racial overtones, threatened him with violence and the gas chamber, ignored statements and evidence, and coerced him into pleading guilty. (CM/ECF 61 paragraph 203).

Plaintiffs failed to specify in those respective three Counts of the S.A. Compl. a single action taken by an individual Defendant.  Instead, the Plaintiffs use the term "Defendants" collectively.  In its Order requiring the Plaintiffs to submit a *Schultea* Reply, this Court explicitly found collective allegations against individual Defendants insufficient. (CM/ECF 156 page 3.).  Nevertheless, in their *Schultea* Reply, the Plaintiffs again failed to adequately plead with particularity any allegations against Larry James despite being specifically ordered to do so.  As stated previously, the Plaintiffs do not even mention Larry James throughout the facts presented in the *Schultea* Reply.  The Plaintiffs offer a "complete list" of their allegations against Larry James for the Court on page 27-28 of their *Schultea* Reply. (CM/ECF 165).  As it relates to Dixon and Bivens, the Plaintiffs make absolutely no assertions against Larry James.  When you review the underlying allegations referenced against each listed Defendant by the Plaintiffs, it is clear that most of the allegations are qualified by the warning that they are being asserted "on information and belief".  Tellingly, the very same allegations lodged

against each individual Defendant <u>without specific factual details</u> are lodged against multiple other individual Defendants.  *Id.* at paragraphs  45, 47-54, 74-77, paragraphs 81-87, paragraphs 92-99, see also CM/ECF 61 at paragraphs 50 ,51, 66 and 94.  However, not once is Larry James even mentioned in the Plaintiffs allegations.   Plaintiffs *Schultea* Reply is no more factually specific than any of the previously filed Complaints or Amended Complaints.  To the contrary, in their *Schultea* Reply, Plaintiffs simply list most of the individual Defendants names in certain allegations rather than collectively refer to "the Defendants" in an effort to feign specificity.  Once again, the Plaintiffs do not list Larry James.  This is merely a semantic way of avoiding use of the collective "Defendants".   The allegations as plead in the *Schultea* Reply do not meet the heightened pleading standard to withstand the submitted challenge under qualified immunity.

       **C.**       **Arrest without Probable Cause**

In Count VIII of the S.A. Compl., Plaintiffs allege a claim for unlawful seizure and arrest without probable cause.  (CM/ECF 61 paragraphs 206-211).  Although Plaintiff's S.A. Compl. does not specifically assert that Larry James unlawfully arrested and detained Dixon or Bivens, it does allege that the Defendants collectively did so.  As has been established, it is clear that such collective allegations are insufficient to meet the heightened pleading standard.  Rather, the Plaintiff must  provide allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury.  *Johnson v. Tex. Dep't of Crim. Justice*, 2012 U.S. Dist. LEXIS 42538 (E.D. Tex. Mar. 5,

2012)(refusing to allow Plaintiff to group defendants together); *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)(requiring allegations specific to Plaintiff).

Whether an arrest is legal hinges on the existence of probable cause. *United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000). Nevertheless, even before demonstrating a lack of probable cause, the Plaintiff must first demonstrate that a particular individual actually made an arrest. That is, when a Plaintiff "alleges a claim of unlawful arrest, he must show that the ….. officer participated in the arrest." *Alexander v. Smith*, 561 Fed. Appx. 421, 424-25 (5th Cir. 2014)(officer who is merely present at the scene, but who did not witness the behavior giving rise to the arrest or handcuff the individual will not be held liable for an alleged Constitutional violation.) Here, the Plaintiffs make no allegations that Larry James affected Dixon's or Bivens' arrest and as such, Plaintiffs' false arrest claim fails.

### D. Access to Courts and Executive Clemency

Plaintiffs allege in Count IX of the S. A. Compl. that the Defendants collectively denied them access to the Courts and Executive Clemency by coercing and fabricating all three of these mens' confessions, by coercing Bivens and Dixon into falsely testifying and by failing to come forward with the truth each year after the convictions. (CM/ECF 61 paragraphs 212-215). The S.A. Compl. and the *Schultea* Reply fail to state any specific details or facts as to each specific Defendant to support such a claim. Plaintiffs simply make collective allegations against the Defendants as a group. Plaintiffs must provide detailed allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

### E. Failure to Intervene

Plaintiffs allege in Count X of the S.A. Compl. that the Defendants failed to intervene to prevent other Defendants and others yet unknown from violating Plaintiffs' Constitutional rights even though those Defendants had the opportunity to intervene. (CM/ECF 61 paragraphs 216-220). As the Court will note, the Plaintiffs again simply refer to the "Defendants" collectively and make no specific factual allegations against any particular Defendant. The Plaintiffs do not even attempt to identify an individual Defendant by name. *Id.* The Plaintiffs fail to plead what any particular Defendant did, what any Defendant observed, who was present at any time, or any other specific facts as to any Defendant which may give rise to a claim for failing to intervene. In their *Schultea* Reply, Plaintiffs again fail to make sufficient specific factual allegations against any particular Defendant to support the failure to intervene claim.

### F. Conspiracy under Section 1983

Plaintiffs assert a claim in Count XI of the S.A. Compl. that eleven Defendants conspired with each other (and other unknown individuals) to deprive the Plaintiffs of their rights under the First, Fourth, Fifth and Fourteenth Amendments which include the right not to be compelled as witness against themselves, the right to be free from unreasonable search and seizures, the right not to be deprived of liberty without due process of law, and the right to have access to the courts and executive clemency. (CM/ECF 61 paragraphs 221-224).

The only time the Plaintiffs identify any Defendant by name in the alleged conspiracy is in paragraph 222 (where they list all individual Defendants and the unknown Defendants as well). The Plaintiffs repeatedly fail to allege a single specific instance of wrongdoing as to any particular Defendant. The Plaintiffs then collectively refer to the "Defendants" again throughout this Count yet fail to outline or detail what any specific Defendants did. The Fifth Circuit requires that a Plaintiff state specific facts not merely conclusory allegations in 1983 cases. *Brinkmann v. Johnston*, 793 F. 2d 111, 113( 5th Cir. 1986). The Fifth Circuit has further held that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" sustain a substantial claim for federal conspiracy under 42 U.S.C. 1983. *Brinkmann v. Johnston*, 793 F. 2d 111, 113( 5th Cir. 1986) citing to *Arsenaux v. Roberts*, 726 F 2d 1022, 1024 (5th Cir. 1982).

In their *Schultea* Reply, the Plaintiffs set out the "Particular Allegations of Fact Supporting Plaintiffs Conspiracy Claim". (CM/ECF 165 pages 29-31.) A review of those allegations show that Larry James is once again not even mentioned. *Id*. Plaintiffs then state that each of the "Defendants" are alleged to have individually committed **"specific"** constitutional violations, including beating confessions from Plaintiffs and fabricating evidence. (emphasis added) *Id*. page 31 paragraph (xiii.). Once again, Larry James is not one of the listed Defendants. Plaintiffs fail to allege the specific facts for each of the Defendants. The Plaintiffs conclusory allegations of Conspiracy therefore fail.

    G.    **Conspiracy under Section 1985**

The Plaintiffs allege in Count XII of the S.A. Compl. that eleven Defendants (and other unknown individuals), motivated by racial animus as evidenced by their use of racist language in the context of committing violent acts against the Plaintiffs, conspired with each other to violate the Plaintiffs' rights to equal protection under the law by arresting and detaining the Plaintiffs without evidence, by beating them and threatening their lives until they falsely confessed, by intimidating witnesses to keep silent about exculpatory evidence, and by securing the false confession of Dixon and Bivens to use against Ruffin in violation of 42 U.SC. 1985(3). (CM/ECF 61 paragraph 226).

Plaintiffs also allege a violation of 42 U.SC. 1985(2) by the Defendants in connection with the alleged conspiracy when, motivated by racial animus evidenced by the Defendants use of racist language, conspired to obstruct justice by deterring Bivens and Dixon, by force, intimidation and other threats from pursuing their Constitutional rights to go to trial and testify on their own behalf and prevented them from testifying truthfully at Mr. Ruffin's trial, and by deterring others from testifying at Ruffin's pretrial hearings and trial. (CM/ECF 61 paragraph 227)

Once again the Plaintiffs do not specify any particular act by any individual Defendant in furtherance of the conspiracy. Instead they are referred to collectively as the "Defendants" after Plaintiffs list them by their eleven individual names. (CM/ECF 61 page 58 paragraphs 226-227). When a Plaintiff fails to plead facts sufficient to establish a Section 1985 claim, that claim fails as a matter of law. *Riggs v. City of Pearland*, 177 F.R.D. 395 (1997) citing to *Walker v. South Central Bell Telephone Co.*, 904 F. 2d 275,

277(5th Cir. 1990). The Plaintiffs' pleadings do not allege specific conduct by each Defendant to support the cause of action asserted, and therefore the claim must be dismissed.

In their *Schultea* Reply, the Plaintiffs set out the "Particular Allegations of Fact Supporting Plaintiffs Conspiracy Claim". (CM/ECF 165 pages 29-31.)  A review of those allegations show that once again, Larry James is not listed as one of the Defendants. *Id*. Plaintiffs then state that each of the "Defendants" are alleged to have individually committed **"specific"** constitutional violations, including beating confessions from Plaintiffs and fabricating evidence. (emphasis added) *Id*. page 31 paragraph (xiii.). Larry James is not a listed Defendant, and therefore, Plaintiffs fail to allege the specific actions of this Defendant to establish a Conspiracy claim under Section 1985 and the claims must therefore fail.

H.     Supervisory Liability

Plaintiffs allege a claim for Supervisory Liability under Count XIII of the S.A. Compl. against the Forrest County Sheriff's Department for failure of Moulds and three others to supervise their subordinate officers who allegedly deprived the Plaintiffs of their Constitutional rights by coercing and fabricating confessions, by beating and threatening the Plaintiffs, by deliberately ignoring evidence of the Plaintiffs innocence and by violating the ongoing duty to come forward with the evidence of innocence and the truth of their own misconduct. (CM/ECF 61 paragraphs 229-234).  Larry James was

not a supervisor, and is not listed by the Plaintiffs in the S.A. Compl.  Therefore, this claim also fails.

### I. Familial Association

The Plaintiffs allege in Count XV of the S. A. Compl. that the Defendants violated the rights of the natural children of Mr. Ruffin to familial association with their father by arresting him, removing him from their home, keeping him from visiting with them, and wrongfully convicting him in violation of their rights under the First and Fourteenth Amendments to be free from governmental interference with their familial relationship. (CM/ECF 61 paragraphs 241-248).  Defendants have already shown in their initial Memorandum that such a claim for familial associations has never been recognized by the Fifth Circuit.   In order to be able to recover in any 1983 claim the Plaintiff must establish 1) he has suffered a violation of a "clearly established" constitutional right; and 2) the officials conduct was objectively unreasonable under the circumstances. *Anderson v Creighton*, 483 U.S. 635,640 (1987);  *Mangieri v. Clifton*, 29 F 3d 1012(5th Cir. 1994).   In assessing a claim of qualified immunity, courts should apply a two part analysis.  The threshold question is "whether Plaintiff's allegations, if true, establish a Constitutional violation."  *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).  If "no Constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001).  However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier,* 533 U.S. at 201.

"However, the Supreme Court has revisited this rule and determined that the rigid two-step structure is no longer mandatory." *Pasco v. Knoblauch*, 566 F. 3d 572, 579 (5th Cir. 2009) citing *Pearson v. Callahan*, 555 U.S. 223 (2009).  Thus, we can first look at whether the officers' conduct violated clearly established law and if the answer is "no", then the officers will be shielded from suit by qualified immunity.

It is vital to note that the right the "official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S. at 202.  Or, put another way, in order to show that a right is "clearly established," Plaintiffs must show that "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).   Since there is no Fifth Circuit precedent allowing such a claim today and certainly there was no such precedent in 1979 or 1980 when the alleged wrongful acts occurred, there can be no violation of a "clearly established" constitutional right and the familial association claims fail.

## CONCLUSION

For the reasons stated hereinabove, as well as those stated in Its Motion to Dismiss, Memorandum in Support of Motion to Dismiss, and Consolidated Reply in Support of Motion to Dismiss, this Defendant respectfully requests this Court dismiss

Plaintiffs, the Estate of Phillip Bivens, the Estate of Larry Ruffin, the Estate of Bobby Ray Dixon, Laturus Smith and Carrie Strong's claims asserted against it.

This the 3rd day of November ,2014.

                                            Respectfully submitted,

                                        THE ESTATE OF LARRY JAMES

                                        By: s/Lin Carter_____

Lin Carter (Miss. Bar No. 101414)
CARTER LAW OFFICE, PLLC
404 Hemphill St.
Hattiesburg, MS  39401
Telephone: (601)545-8142
Facsimile:  (601)545-1935
lincarterjr@gmail.com

## CERTIFICATE OF SERVICE

I, Lin Carter, do hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

This, the 3rd day of November, 2014.

                                              s/ Lin Carter_____