IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILLIP BIVENS,** *et al.* **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 2:13-CV-8-KS-MTP**

**FORREST COUNTY,** *et al.* **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Forrest County's Motion for Judgment on the Pleadings [264].

### I. BACKGROUND

The Court provided an extensive discussion of the factual background of this case in a previous order. *See Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*9 (S.D. Miss. Mar. 30, 2015). Forrest County filed a Motion for Judgment on the Pleadings [264], which the Court now addresses.

### II. STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded

facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

Forrest County argues that Plaintiffs alleged insufficient facts to state Section 1983 claims for municipal liability and failure to train or supervise employees.

#### A.   *Municipal Liability*

The Fifth Circuit has provided the following summary of the law concerning municipal liability under Section 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.
>
> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the

> subject matter of the offending policy.
>
> Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.
>
> A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

However, "[w]hen a municipality's final policy and decision maker in a single action directly and intentionally deprives a person of a federal constitutional right, . . . the person need not show that a policy or custom caused his injury in order to recover. In such a case, the municipality's action is deemed to be the direct cause or moving force behind the deprivation of right and injury." *Coggin v. Longview Indep. Sch. Dist.*, 289 F.3d 326, 333 (5th Cir. 2002) (citing *Bd. of County Comm'ners v. Brown*, 520 U.S. 397, 402-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). "To prove liability under the single-incident exception, a plaintiff must at least show (1) that the defendant acted with deliberate indifference by disregarding a known or obvious consequence of his action and (2) that there is a direct causal link between the defendant's action and the deprivation of federal rights." *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008). Therefore, a single action by one who establishes governmental policy is sufficient to impose municipal liability in certain circumstances.

*Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1997)).

Plaintiffs alleged that Sheriff Gene Walters participated in the conspiracy to deprive Bivens, Ruffin, and Dixon of their constitutional rights. Specifically, Plaintiffs alleged that Hopstein, Brown, and Howell bragged to Sheriff Walters about beating Dixon. Plaintiffs also alleged that Sheriff Walters threatened Bivens while brandishing a knife, saying: "You niggers come down here from California and think you can kill a white woman and get away with it. Something should be done to you." Finally, Plaintiffs alleged that Sheriff Walters formed the investigative task force that framed Bivens, Ruffin, and Dixon.

"In Mississippi, sheriffs are final policymakers for their respective department's law enforcement decisions made within their counties." *Id.* Therefore, as Walters was the County's final policymaker, the County may be liable for his participation in the events giving rise to this suit, and Plaintiffs alleged sufficient facts to state a plausible municipal liability claim under Section 1983.

## B.     *Failure to Train/Supervise*

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). "To establish § 1983 liability against supervisors, the plaintiff must show that: (1) the [supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate

4

indifference to the plaintiff's constitutional rights." *Id.* "[T]he misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor," and the deliberate indifference standard is a 'stringent' one, requiring that 'the supervisory actor disregarded a known consequence of his action." *Zarnow v. City of Wichita Falls, TX,* 614 F.3d 161, 169-70 (5th Cir. 2010).

Plaintiffs alleged that Sheriff Gene Walters participated in and supervised the conspiracy to deprive them of their constitutional rights. Specifically, they alleged that other officers bragged to him about beating Dixon, and that he threatened Bivens while brandishing a knife. Finally, Plaintiffs alleged that Sheriff Walters formed the investigative task force that framed Bivens, Ruffin, and Dixon. These facts are sufficient to state a claim that Sheriff Walters failed to supervise his subordinates, and as Walters was the final policymaker with respect to all law enforcement decisions in Forrest County, *Waltman,* 535 F.3d at 350, they are sufficient to state a failure-to-supervise claim against Forrest County.

## IV. CONCLUSION

For these reasons, the Court **denies** Forrest County's Motion for Judgment on the Pleadings [264].

SO ORDERED AND ADJUDGED this 23rd day of February, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE