IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILLIP BIVENS,** *et al.* **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 2:13-CV-8-KS-MTP**

**FORREST COUNTY,** *et al.* **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** the City of Hattiesburg's Motion for Judgment on the Pleadings [264].

### I. BACKGROUND

The Court provided an extensive discussion of Plaintiffs' allegations and the factual background of this case in a previous order. *See Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 U.S. Dist. LEXIS 40602, at *3-*9 (S.D. Miss. Mar. 30, 2015). The City of Hattiesburg filed a Motion for Judgment on the Pleadings [264], which the Court now addresses.

### II. STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the

speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. DISCUSSION

Hattiesburg argues that Plaintiffs alleged insufficient facts to state Section 1983 claims for municipal liability and failure to train or supervise employees.

### A.   *Municipal Liability*

The Fifth Circuit has provided the following summary of the law concerning municipal liability under Section 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.
>
> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy

> is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.
>
> Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.
>
> A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

However, "[w]hen a municipality's final policy and decision maker in a single action directly and intentionally deprives a person of a federal constitutional right, . . . the person need not show that a policy or custom caused his injury in order to recover. In such a case, the municipality's action is deemed to be the direct cause or moving force behind the deprivation of right and injury." *Coggin v. Longview Indep. Sch. Dist.*, 289 F.3d 326, 333 (5th Cir. 2002) (citing *Bd. of County Comm'ners v. Brown*, 520 U.S. 397, 402-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). "To prove liability under the single-incident exception, a plaintiff must at least show (1) that the defendant acted with deliberate indifference by disregarding a known or obvious consequence of his action and (2) that there is a direct causal link between the defendant's action and the deprivation of federal rights." *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008). Therefore, a single action by one who establishes

governmental policy is sufficient to impose municipal liability in certain circumstances. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1997)).

Plaintiffs argue that the following paragraphs from the Second Amended Complaint are sufficient to state a claim for municipal liability under Section 1983:

> 126. Prior to and at the time of the unlawful investigation, prosecution, conviction, and imprisonment of the Wrongfully Convicted Plaintiffs, . . . the City of Hattiesburg and the Hattiesburg Police Department, by and through their final policymakers, maintained a policy, custom, or pattern and practice of promoting, facilitating, and/or condoning improper, illegal, and unconstitutional investigative techniques, including but not limited to the following: (a) disregarding the Fifth Amendment rights of criminal suspects and defendants; (b) coercing confessions from defendants through physical attacks, threats, and other coercion; (c) fabricating evidence; (d) failing to document and disclose material, exculpatory and impeachment evidence to prosecutors, defense counsel, and the court; (e) failing to investigate known exculpatory evidence and otherwise failing to conduct constitutionally adequate investigation; and/or (f) engaging in the affirmative and/or passive concealment of this type of misconduct.

* * *

> 129. The HPD['s] . . . policy, custom, or pattern and practice of investigative misconduct . . . was also reflected in numerous prior cases and investigations which, upon information and belief, were known to the HPD . . . supervisors and policymakers prior to the [subject] investigation. The misconduct committed in those cases by HPD . . . officers, including investigators involved in the [subject] case, was actually or constructively known to HPD . . . supervisors and policymakers prior to the [subject] investigation – including by means of their direct participation in the investigations . . . .

* * *

> 256. HPD . . . policies, customs, or patterns and practices of promoting,

> facilitating, or condoning improper, illegal, and unconstitutional investigative techniques . . . were evidenced by, among other actions, multiple constitutional violations and related acts of misconduct committed by multiple investigators and supervisors in the course of the investigation and prosecution of the Wrongfully Convicted Plaintiffs, and in the course of prior and subsequent cases.
>
> \* \* \*
>
> 259.   As a direct and proximate result of . . . the City of Hattiesburg's policies, customs, or patterns and practices, the Wrongfully Convicted Plaintiffs were wrongly prosecuted, convicted, and imprisoned for a combined eighty-two years and suffered the other grievous and continuing injuries and damages as set forth above.

Second Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Sept. 16, 2013), ECF No. 61.

These allegations are sufficient to state a claim for municipal liability under Section 1983. Defendant argues that Plaintiffs must allege more specific facts concerning: the pattern, practice, or custom that caused their injuries; the policymakers who knew of or were involved in the practices or customs that caused their injuries; and the prior cases and investigations that establish said pattern, practice, or custom. However, this treads dangerously close to the heightened pleading standard applied to Section 1983 claims against public officials in the individual capacities, which "requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The Supreme Court specifically held that a heightened pleading standard is inapplicable to Section 1983 claims against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160,

122 L. Ed. 2d 517 (1993). In other words, the Court must apply the same pleading standard to municipal liability claims under § 1983 that it applies to other claims not governed by Rule 9.

"Rule 8(a)(2) requires a pleading to contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs.* 788 F.3d 490, 498 (5th Cir. 2015) (quoting FED. R. CIV. P. 8(a)(2)). As noted above, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Iqbal*, 556 U.S. at 678).

Plaintiffs may not have pleaded facts with the level of specificity or detail preferred by Defendant, but the Court believes that Plaintiffs' allegations are sufficient to state a plausible claim of municipal liability, and to provide Defendant with enough notice to respond to the claims and engage in discovery. Accordingly, Plaintiff pleaded sufficient facts related to their municipal liability claim to survive Rule 12(c) scrutiny. *See Steverson v. Forrest County*, No. 2:12-CV-169-KS-MTP, 2013 WL 2897914, at *5-*6 (S.D. Miss. June 13, 2013); *Greenwood v. City of Yoakum*, Civil Action No. V-07-78, 2008 WL 1858902, at *3 (S.D. Tex. Apr. 24, 2008); *Jacobs v. Port Neches Police Dep't*, No. 1:94-CV-767, 1996 WL 363023, at *13 (E.D. Tex. June 26, 1996).

**B.     *Failure to Train/Supervise***

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). "To establish § 1983 liability against supervisors, the plaintiff must show that: (1) the [supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Id.* "[T]he misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor," and the deliberate indifference standard is a 'stringent' one, requiring that 'the supervisory actor disregarded a known consequence of his action." *Zarnow v. City of Wichita Falls, TX*, 614 F.3d 161, 169-70 (5th Cir. 2010).

Plaintiffs argue that the following paragraphs from the Second Amended Complaint are sufficient to state a § 1983 claim for Defendant's failure to supervise/train its officers:

> 127.  Prior to and at the time of the unlawful investigation, prosecution, and conviction of Larry Ruffin, Phillip Bivens, and Bobby Ray Dixon, the HPD . . . , by and through final policymakers, maintained a policy, custom, or pattern and practice of failing to adequately train and supervise their officers regarding fundamental investigative tasks implicating the constitutional rights of witnesses and suspects, including but not limited to conducting custodial interrogations and witness interviews and documenting and disclosing exculpatory evidence.
>
> ***
>
> 129.  The HPD['s] . . . policy, custom, or pattern and practice of . . .

> fail[ing] to supervise and train was also reflected in numerous prior cases and investigations which, upon information and belief, were known to the HPD . . . supervisors and policymakers prior to the [subject] investigation. The misconduct committed in those cases by HPD . . . officers, including investigators involved in the [subject] case, was actually or constructively known to HPD . . . supervisors and policymakers prior to the [subject] investigation – including by means of their direct participation in the investigations . . . .
>
> * * *
>
> 256. HPD . . . policies, customs, or patterns and practices of . . . failing to train, supervise, and discipline investigators, were evidenced by, among other actions, multiple constitutional violations and related acts of misconduct committed by multiple investigators and supervisors in the course of the investigation and prosecution of the Wrongfully Convicted Plaintiffs, and in the course of prior and subsequent cases.
>
> * * *
>
> 259. As a direct and proximate result of . . . the City of Hattiesburg's policies, customs, or patterns and practices, the Wrongfully Convicted Plaintiffs were wrongly prosecuted, convicted, and imprisoned for a combined eighty-two years and suffered the other grievous and continuing injuries and damages as set forth above.

Second Amended Complaint, *Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP (S.D. Miss. Sept. 16, 2013), ECF No. 61.

Plaintiffs' allegations are more specific than those asserted in *Mack v. City of Abilene*, 461 F.3d 547 (5th Cir. 2006). There, the plaintiff alleged "it is a policy and/or custom of the City to inadequately supervise and train its police officers, including those who were known to have engaged in police misconduct;" that "as a result of those policies and/or customs, [he] believed their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated but would be

8

tolerated;" and that this custom or policy "gave rise to his injuries." *Id.* at 556. The Fifth Circuit deemed those allegations sufficient to satisfy Rule 8's notice-pleading standard. *Id.* Accordingly, the Court deems Plaintiffs' allegations of Defendant's failure to train or supervise its employees sufficient to pass Rule 12(c) scrutiny.

## IV. CONCLUSION

For these reasons, the Court **denies** the City of Hattiesburg's Motion for Judgment on the Pleadings [264].

SO ORDERED AND ADJUDGED this 3rd day of March, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE